# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN C. LYONS, | ) |
|        Plaintiff, | ) |
| v. | )    Case No. CIV-15-110-SPS |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
|        Defendant. | ) |

## OPINION AND ORDER

The claimant Bryan C. Lyons requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the decision of the Commissioner is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born May 25, 1972, and was forty years old at the time of the administrative hearing (Tr. 32, 140, 149). He has a high school education, some college, and has worked as a rancher, tool truck driver, and welder (Tr. 34, 203). The claimant alleges he has been unable to work since January 4, 2011, due to problems with his hips and right leg (Tr. 140, 149, 195).

## Procedural History

On May 20, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 140-52). His applications were denied. ALJ Larry Shepherd conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 26, 2013 (Tr. 14-22). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform sedentary work (*i. e.,* lift and carry ten pounds occasionally and less than ten pounds frequently, sit for about six hours during an eight-hour workday, and stand/walk for at least two hours

during an eight-hour workday) with occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, crawling, and use of right foot controls, but never climbing ladders, ropes or scaffolds (Tr. 18). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was other work he could perform in the regional and national economies, *i. e.*, surveillance systems monitor, final assembler, and document preparer (Tr. 21).

**Review**

The claimant contends that the ALJ erred by failing to properly evaluate his credibility. In support, the claimant argues that the ALJ misinterpreted portions of the record, and failed to properly account for his pain. The Court finds the ALJ did err in his credibility analysis, and therefore the decision of the Commissioner must be reversed and the case remanded for further proceedings.

The ALJ found that the claimant's status post multiple injuries sustained from a 2009 motor vehicle accident, including pelvic open reduction and internal fixation ("ORIF"), right acetabular fracture, left talus fracture, and residual right foot drop, were severe impairments (Tr. 17). The relevant medical evidence reveals that the claimant was treated at Parkland Hospital from November 26, 2009, through December 23, 2009, for injuries he sustained when he was ejected from his vehicle during a rollover collision (Tr. 298-423). Surgery performed that day included applying traction to the claimant's pelvis, ligation of his right common iliac vein, and resecting a small segment of his small bowel (Tr. 311-14, 326-30). On November 27, 2009, the claimant developed compartment syndrome in his right leg, and underwent fasciotomies which subsequently

required irrigation, debridement, application of a wound vacuum-assisted closure ("VAC"), and skin grafts (Tr. 337-41, 367, 412). On December 9, 2009, the claimant underwent an ORIF of right both column fractures to his acetabulum (Tr. 409-11). On December 11, 2009, the claimant underwent an ORIF for a left talar neck fracture and left medial malleolus fracture, and repairs to his left medial collateral ligament in his ankle and his deltoid ligament (Tr. 393-95). He was discharged on December 23, 2009 (Tr. 419-25).

The claimant was hospitalized from January 1, 2010, through January 27, 2010, and again from January 15, 2011, through February 12, 2011, for treatment of a recurrent methicillin-resistant staphylococcus aureus ("MRSA") infection in his abdominal incision (Tr. 265-83, 428-71, 666-765). He was treated with intravenous and oral antibiotics, underwent multiple irrigations, debridements, and wound VAC placements, and ultimately hardware was removed (Tr. 269, 436-71, 692, 731-32, 755-57).

On July 2, 2012, the claimant presented to Dr. David Dillow, and reported, *inter alia*, swelling in his right leg (Tr. 816-17). Dr. Dillow noted the claimant had very limited plantar flexion and almost no dorsiflexion on his right foot, 3+ pitting edema above his boot, and no dorsalis pedis or posterior tibial pulse (Tr. 817). A computed tomography angiography dated July 6, 2012, showed absence of the right internal iliac artery and its branches; patent abdominal aorta, iliac femoral, popliteal, and trifurcation vessels; extensive posttraumatic change in the claimant's right hemipelvis; and a previous ORIF to his left tibia (Tr. 794). Dr. Dillow diagnosed the claimant with venous insufficiency not otherwise specified (Tr. 792).

On September 12, 2012, the claimant presented to Dr. Thomas Whitsett with right leg pain that he described as constant and rated at five out of ten (Tr. 858). Dr. Whitsett diagnosed the claimant with venous valve insufficiency and neuropathic pain, and prescribed compression socks and pain medication (Tr. 858). At a follow up appointment on December 5, 2012, the claimant reported the compression socks improved his swelling, but caused his leg to ache (Tr. 854). Dr. Whitsett opined that the claimant would need compression hose indefinitely (Tr. 854).

At the administrative hearing, the claimant testified he has no use of his right leg from the knee down, and that due to improper circulation, he has to constantly elevate it to prevent nerve pain and cramping (Tr. 38). He further stated that he experiences constant burning pain in his right leg, and that he has no sensation other than pain and cramping from his knee down (Tr. 39-40). He stated all of his pain and spasms are directly impacted by how long he is able to elevate his leg (Tr. 43). As to his pain medications, the claimant stated he did not take them as prescribed, nor did he fill all of his prescriptions, but that he did sometimes take Ultram (Tr. 44-45). Regarding specific limitations, the claimant stated he need to elevate his leg twenty minutes out of every hour, could stand for fifteen to thirty minutes at a time, could walk about a block, could lift approximately ten pounds, and was unable to squat (Tr. 47-48). As to his daily activities, the claimant stated he did household chores in thirty to forty minute increments, and has lived independently for slightly more than a year (Tr. 48-49).

In his written opinion, the ALJ summarized the claimant's testimony as well as the medical record. He found the claimant not entirely credible due to inconsistencies in the

record, and stated "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 19). The ALJ did not mention or discuss the claimant's pain.

In support of his contention that the ALJ improperly evaluated his credibility, the claimant first argues that the ALJ failed to properly account for his pain. In this regard, despite finding the claimant suffered from severe pain-inducing impairments, the ALJ *failed to evaluate or even mention* the effect of these pain-inducing impairments upon the claimant's RFC. "Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." *Thompson v. Sullivan*, 987 F.2d 1482, 1490-91 (10th Cir. 1993)*, citing Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989) and *Gossett v. Bowen*, 862 F.2d 802, 807-08 (10th Cir. 1988). In assessing allegations of pain, an ALJ "must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1375-76 (10th Cir. 1992), *citing Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987). Because there was objective evidence that the claimant had a pain-producing impairment, *i. e.*, status pelvic ORIF, right

acetabular fracture, and left talus fracture, the ALJ was required to consider the claimant's pain and the extent to which they were disabling. And because the ALJ found that the claimant's status post multiple injuries sustained from his 2009 motor vehicle accident was a severe impairment at step two, *i. e.*, having more than a minimal effect on his basic work activities, it is "impossible to conclude at step four that h[is] pain was insignificant." *Baker v. Barnhart*, 84 Fed. Appx. 10, 13 (10th Cir. 2003).

An ALJ's credibility determination is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias,* 933 F.2d at 801. Further, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The ALJ's analysis of the claimant's credibility in this case fell below these standards.

First, the ALJ cited to but did not discuss the credibility factors set forth in Social Security Ruling 96-7p and 20 C.F.R. § 404.1529, and further failed to apply those factors to the evidence.[2] He was not required to perform a "formalistic factor-by-factor

---

[2] The factors to consider in assessing a claimant's credibility are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and

-8-

recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but "simply 'recit[ing] the factors'" is insufficient, *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4, and in this case the ALJ did not even do that. Instead, the ALJ mentioned Soc. Sec. R. 96–7p and summarized the evidence, including the claimant's testimony, but did not affirmatively link any of the evidence to specific factors. *See Kepler,* 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.").

Second, the only reasons given by the ALJ for finding the claimant's subjective complaints were not entirely credible were the claimant's testimony in April 2013 that he had been sober for almost three years when a January 2011 treatment note reflected he drank between a six-pack and a twelve-pack per week, and his testimony that he quit working in early 2011 when a 2012 treatment note reflected he could only walk about three hours at work as a ranch hand (Tr. 19). Even though the record supports these reasons for assigning little credibility to the claimant, a credibility determination must weigh all the factors "in combination." *Huston v. Bowen,* 838 F.2d 1125, 1132–33 n. 7 (10th Cir. 1988) ("When weighed in combination, such factors can shed light on the determination of credibility.").

---

aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. Soc. Sec. Rul. 96-7p at *3, 1996 WL 374186 (July 2, 1996).

Furthermore, the ALJ failed to discuss substantial medical evidence that supported the claimant's testimony about the severity of his pain. Dr. Cooper performed two consultative examinations of the claimant (Tr. 637-42, 767-73). On April 17, 2010, he assessed the claimant with, *inter alia,* chronic left ankle pain secondary to trauma (Tr. 639).[3] On March 17, 2012, Dr. Cooper assessed the claimant with, *inter alia,* severe chronic right lower extremity pain, neuropathy of the distal right lower leg, and severe recurrent edema of the right lower extremity (Tr. 769). Additionally, Dr. Whitsett treated the claimant for pain and swelling in his right leg, diagnosed him with venous valve insufficiency and neuropathic pain, prescribed pain medication, and noted the claimant would need compression hose indefinitely (Tr. 854-56, 858-59). "Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'" *Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001).

Because the ALJ failed to properly analyze the claimant's credibility (including his allegations of pain), the Commissioner's decision must be reversed and the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

---

[3] Dr. Cooper noted the claimant complained of numbness and immobility of his right leg and foot up to his calf, complained of pain, lack of sensation and, immobility in his foot and ankle, and walked with a cane due to weakness and pain in his right lower extremities. It appears Dr. Cooper meant to reference the claimant's right ankle, as opposed to his left.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 1st day of September, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**